UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
LIVIA M. SCOTTO,

                       Plaintiff,

                  v.

SOCIETE AIR FRANCE, VINCI GROUP PROPERTY, UNITED CONTINENTAL HOLDINGS, M. DYER AND SONS, SOCIETE GENERALE SA, SOCIETE GENERALE AFFILIATES, CORPORATE PARTNERS, BOARD OF DIRECTORS, PRESIDENT OF THE BOARD, JEAN PHILLIPPE GUILLAUME, PIERRE YVES DEMOURES, LORENZO BINI SMAGHI, JEAN-BERNARD LEVY, ALEXANDRA SCHAAPVELD, QATARARI REAL ESTATE, SHEIKH ABDULLAH BIN HAMAD, BIN KHALIFA AL THNAI FAMILY TRUST, H.E. SHEIKH ABDULLAH TRUST, and AIR FRANCE,

                      Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
19-CV-2446 (MKB)

-------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Livia M. Scotto, proceeding *pro se*, commenced the above-captioned action on April 11, 2019, against Defendants.[1] (Compl., Docket Entry No. 1.) The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Memorandum and Order. For the reasons set forth below, the Court dismisses the Complaint.

---

[1] On November 26, 2018, Plaintiff filed a complaint against Defendants Societe Air France, Vinci Group Property, United Continental Holdings, and M. Dyer and Sons, as well as other defendants not named in the current action. *See Scotto v. Societe Air France*, No. 18-CV-7242, 2019 WL 1934467, at *1 (E.D.N.Y. May 1, 2019) ("May 2019 Decision"). The Court dismissed Plaintiff's complaint as frivolous and warned Plaintiff that the Court would not tolerate frivolous litigation and that she may be subject to a filing injunction should she continue to file similar actions in this Court. *Id.* at *2.

## I. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a pro se complaint liberally"). Nevertheless, the court is required to dismiss *sua sponte* an *in forma pauperis* action if the court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Plaintiff fails to state a claim

The Complaint is incoherent and incomprehensible and fails to state a claim that may be remedied by this Court. For example, on the seventh page of Plaintiff's eighty-page Complaint, Plaintiff writes "[i]ntellectual property in poscession [sic] of the appellants, Defendants Agents et al, obstruction of flight boarding and vois droits air, passenger treaty violations free passage of movement of appellant and such property to international properties . . . ." (Compl. 7.) There

are no concrete allegations in the Complaint generally or against any of the named Defendants. The entire Complaint appears to be comprised of excerpts and attachments referencing various court cases as well as press releases and geographic maps relating to what appears to be a law firm called Volks Anwalt of Florida, LLC. (*See generally id.*)

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), and that "[e]ach averment of a pleading shall be simple, concise, and direct," Fed. R. Civ. P. 8(e)(1). Dismissal of a complaint is appropriate where the complaint is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Whitfield v. Johnson*, 763 F. App'x 106, 107(2d Cir. 2019) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

Even under the most liberal reading of the Complaint, the Court cannot discern any legally cognizable harm that Plaintiff has suffered. *See Trice v. Onondaga Cty. Justice Ctr.*, 124 F. App'x 693, 694 (2d Cir. 2005) (affirming the district court's dismissal where the plaintiff's second amended complaint was "incomprehensible, incomplete and technically deficient, consisting of one, rambling paragraph" and "containing over 550 lines . . . [of] incoherent allegations").

Accordingly, the Court dismisses the Complaint. While the Court would ordinarily allow Plaintiff to amend her Complaint to cure the identified deficiencies, any amendment in this case would be futile and "[l]eave to amend may properly be denied if the amendment would be futile . . . ." *Russell v. Aid to Developmentally Disabled, Inc.*, 753 F. App'x 9, 15 (2d Cir. 2018) (citing *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012)).

3

## II. Conclusion

For the reasons set forth above, the Court dismisses Plaintiff's Complaint. Plaintiff is cautioned that this Court will not tolerate frivolous litigation and that she may be subject to a filing injunction should she continue to file similar actions in this Court. *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: August 8, 2019
      Brooklyn, New York

SO ORDERED:

      s/ MKB
MARGO K. BRODIE
United States District Judge